**James WINSTEAD, et al., Appellants**

v.

**DISTRICT OF COLUMBIA, A Municipal Corporation and Vincent C. Gray, In his Official Capacity as Mayor of the District of Columbia, Appellees.**

No. 12–7050.

United States Court of Appeals, District of Columbia Circuit.

Dec. 3, 2013.

Rehearing En Banc Denied Jan. 16, 2014.

Kirk Douglas Williams, Law Offices of Kirk D. Williams, Washington, DC, for Appellants.

Loren L. Alikhan, Holly Michelle Johnson, Todd Sunhwae Kim, Irvin B. Nathan, Office of the Attorney General, District of Columbia Office of the Solicitor General, Washington, DC, for Appellees.

Before: TATEL and KAVANAUGH, Circuit Judges, and SENTELLE, Senior Circuit Judge.

***JUDGMENT***

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

The appellants, thirteen disability compensation claimants, filed a complaint pursuant to 42 U.S.C. § 1983, claiming a deprivation of their constitutional right to due process. In particular, the appellants argued that they were denied due process when their employer, the District of Columbia, failed to process their disability compensation claims in a timely manner. After a bench trial, the district court entered judgment for the District. We agree.

The district court's decision, *Winstead, et al. v. District of Columbia, et al.*, 840 F.Supp.2d 149, 151 (D.D.C.2012), noted that in order for the appellants to prevail on their § 1983 claim, they were required, pursuant to *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), to prove that it was the District of Columbia's policy or custom that caused the violation of due process. The district court found that the appellants provided no proof of any such policy, or even that the District of Columbia knew or should have known of due process violations.

On appeal, the appellants argue that the district court erred in its finding because the evidence, including written complaints, letters, and pleadings, put the District of Columbia on notice that the appellants were being deprived of benefits without due process. Our review of the district court's finding is for clear error. *See Singletary v. District of Columbia*, 351 F.3d 519, 523 (D.C.Cir.2003). After reviewing the record, we conclude that nothing therein comes close to establishing that the district court clearly erred when it determined that the appellants had failed to satisfy *Monell's* policy or custom requirement. Indeed, the appellants' evidence here is far weaker than the evidence we found inadequate in *Carter v. District of Columbia*, 795 F.2d 116, 123 (D.C.Cir.

1986), which included complaints, pleadings, and press clippings concerning alleged excessive force by police officers.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.